**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4710**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS ANTONIO LUCAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00044-D-1)

Submitted:  September 30, 2020                  Decided:  October 5, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Antonio Lucas pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and possession with intent to distribute heroin and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The district court varied upwards from Lucas' 41-to-51-month Sentencing Guidelines range and imposed a 72-month sentence. On appeal, Lucas argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

"When a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation

marks omitted).  "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lesser sentence]." *Blue*, 877 F.3d at 519 (alterations and internal quotation marks omitted).  "District courts need not spell out their responses to defendants' arguments where context makes them clear.  But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Lozano*, 962 F.3d at 782 (citation and internal quotation marks omitted).

Lucas argues that his sentence is procedurally unreasonable because the district court did not explicitly respond to his argument that a within-Guidelines-range sentence—which would be nearly double the length of his longest previous sentence—would adequately deter him from future criminal conduct.  However, after a review of the record, we conclude that the court addressed this argument, albeit somewhat indirectly, when it found that Lucas' prior sentence of 20 to 33 months had been insufficient to deter Lucas given that Lucas committed the instant offense less than two months after his release from custody on that charge.  This finding, in conjunction with the court's detailed and individualized explanation of the need for a long period of incapacitation based on Lucas' egregious criminal history and the seriousness of the offense conduct, makes it patently obvious that the court found Lucas' arguments unpersuasive.  *See id.*  We conclude therefore that the district court adequately considered Lucas' arguments and that his sentence is procedurally reasonable.

3

Lucas also argues that his sentence is substantively unreasonable. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Hargrove*, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted). "When reviewing substantive reasonableness, we may consider the extent of the deviation from the guidelines range, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 163-64 (alterations and internal quotation marks omitted). "The fact that a variance sentence deviates significantly from the advisory Guidelines range does not alone render it presumptively unreasonable." *Id.* at 163 (alterations and internal quotation marks omitted).

Lucas suggests that, in determining his sentence, the district court improperly considered the fact that he has eight children with six different women. *See United States v. Montes-Pineda*, 445 F.3d 375, 378 (4th Cir. 2006) ("A sentence may be substantively unreasonable if the court relies on an improper factor" (internal quotation marks omitted)). However, there is no evidence that the district court considered Lucas' children as a factor in determining his sentence. Rather, the court mentioned Lucas' children when it observed that Lucas would not want anyone endangering the lives of his children the way he endangered the lives of others' children and when it explained that it was not imposing a fine because it wanted Lucas' children to benefit from whatever money Lucas earned in prison. These observations were distinct from the court's justification for Lucas' sentence.

4

Lucas also argues that his sentence simply "does not measure up" when compared to the § 3553(a) factors because the district court did not properly consider the advisory Sentencing Guidelines range, the fact that many of Lucas' prior offenses were committed before the age of 25, or the fact that Lucas could have been adequately deterred and punished by a sentence shorter than 72 months. We disagree. Keeping in mind the deferential standard of review—and considering the totality of the circumstances and the fact that the court provided a thorough and reasonable analysis of the § 3553(a) factors— we conclude that the extent of the upward variance here is not substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*